IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 NOV 30 P 1: 00

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| WASIF MONTE SABIR D/B/A GOLD VALLEY JEWELERS, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 2:07CV1055-mef |
| ADT SECURITY SERVICES, INC., A DELAWARE CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Comes now Defendant, ADT Security Services, Inc. (hereinafter "ADT" or "Defendant"), pursuant to 28 U.S.C. § 1441 *et. seq.*, files this Notice of Removal to remove this civil action from the Circuit Court of Montgomery County, Alabama, wherein it was filed as Case No. CV-07-1654, to the United States District Court for the Middle District of Alabama, Northern Division, and shows unto this Honorable Court as follows:

### Jurisdiction

Removal jurisdiction is based on diversity of citizenship is founded on the following:

1.  This case, styled *Wasif Monte Sabir, d/b/a Gold Valley Jewelers v. ADT Security Services, Inc.*, was filed on or about October 19, 2007 in the Circuit Court of Montgomery County, Alabama bearing Civil Action No. 07-1654 on the docket of that court.

2.  At the time of the commencement of this action, and at all times subsequent thereto, plaintiff, Wasif Monte Sabir, d/b/a Gold Valley Jewelers (hereinafter "Wasif"), is a resident citizen of the State of Alabama. *See* Compl. at Para. 1.

01571213.1

3. Defendant, ADT, has at all times been a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Florida. Pursuant to 28 U.S.C. § 133(c)(1) ADT is a citizen of the States of Delaware and Florida. ADT is not, and was not at the time of the filing, a citizen of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases.

4. Thus, complete diversity of citizenship exists between the parties.

### Timeliness of Filing

5. The summons and complaint were served on the Defendant by certified mail on November 1, 2007. This removal has been timely filed because it is filed within thirty days after receipt by service of the summons and complaint on Defendant. *See* 28 U.S.C. § 1446(b).

### Amount in Controversy

6. Plaintiff's Complaint alleges claims for negligence and wantonness. (*See* Complaint). Plaintiff's Complaint seeks five hundred thousand dollars ($500,000.00) in damages, exclusive interest and costs, for actual damages, incidental and consequential damages, and damages for mental pain and anguish. (*Id.*). Thus, Plaintiff's claim for damages exceed the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

7. The face of Plaintiff's Complaint alone shows that removal in this case is clearly proper under diversity of citizenship in that all parties are diverse and the plain language of Plaintiff's claims request recovery in an amount above $75,000. "There is no doubt that if a plaintiff makes a *good faith* claim exceeding $10,000 [$75,000], and other federal jurisdictional requirements are met, a federal court has jurisdiction to hear the case." *Sears, Roebuck, and Co. v. American Mut. Liability Ins. Co.*, 372 F.2d 435, 439 (7th Cir. 1967); *See also, Mas v. Perry*, 489 F.2d 1396, 1400 (5th Cir. 1974) ("It is well settled that the amount in controversy is

2

determined by the amount claimed by the plaintiff in good faith"). In this case, Defendant has satisfied the amount in controversy requirement because the face of the complaint specifies that the Plaintiff seeks more than $75,000 to compensate it for its alleged injuries. This Court should recognize that the Plaintiff has made this claim in good faith and accept jurisdiction of this case.

8. If any question arises as to the existence of the requisite amount in controversy, then ADT requests the opportunity to submit post-removal evidence in accordance with the procedure recently adopted by the Eleventh Circuit. *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). In affirming the denial of plaintiff's motion to remand, the Eleventh Circuit held that the district court properly considered defendant's post-removal evidence including defendant's requests for admission directed to the amount in controversy. The Eleventh Circuit explained that, "[w]e align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction." *Id.*

### The Action

9. Attached hereto and marked as Exhibit A are true and correct copies of the original summons and complaint, styled *Wasif Monte Sabir, d/b/a Gold Valley Jewelers v. ADT Security Services, Inc.*, filed on or about October 19, 2007 in the Circuit Court of Montgomery County, Alabama, and all other documents constituting all pleadings and process served in such civil action designated as Civil Action No. CV-07-1654 in the Circuit Court of Montgomery County, Alabama.

10. A copy of this Notice of Removal has been filed with the Clerk of the Circuit Court of Montgomery County, Alabama.

**The Other Removal Prerequisites Have Been Satisfied**

11.     Because this Notice of Removal is filed within thirty days of service of the Complaint upon the first served Defendant, it is timely under 28 U.S.C. § 1446(b).

12.     Defendant has sought no similar relief with respect to this matter.

13.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

14.     Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

15.     A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Circuit Court Clerk for the Circuit Court of Montgomery County.

16.     The allegations of this notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Middle District of Alabama, and this cause is removable to the United States District Court for the Middle District of Alabama.

17.     If any question arises as to the propriety of the removal of this action, ADT requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, ADT, desiring to remove this case to the United States District Court for the Middle District of Alabama, Northern Division, being the district and division of said Court for the County in which said action is pending, prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

01571213.1

_/s/ Robert H. Fowlkes_
John A. Earnhardt
Robert H. Fowlkes
Attorneys for ADT Security Services, Inc.

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document has been served via regular U.S. Mail properly addressed on this the 2th day of November, 2007 to the following:

>Jim L. Debardelaben, Esq.
>Attorney at Law
>P.O. Box 152
>Montgomery, Alabama 361010-0152
>ATTORNEY FOR PLAINTIFF

*Robert H. Fowler*
Of Counsel

6

# Exhibit A

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| WASIF MONTE SABIR d/b/a ) <br> GOLD VALLEY JEWELERS ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) JURY TRAIL DEMANDED ON ALL <br> ) ISSUES SO TRIABLE <br> ADT SECURITY SERVICES, INC., a Deleware ) <br> Corporation. ) <br> ) <br> Defendants. | CASE NO.: CV-07-1654 |

## COMPLAINT

### Parties

1. Plaintiff Wasif Monte Sabir, is over the age of nineteen (19) years, a resident citizen of Montgomery, Montgomery County, Alabama, and rents retail space at the Eastdale Mall, Montgomery, Montgomery County, Alabama.

2. Defendant ADT Security Services, Inc.(henceforth "ADT Security"), is a Deleware Corporation authorized to do business in the State of Alabama on June 27, 2000. ADT Security is the security company that installed, maintained, and operated the security system that was located in the Plaintiff's business location inside Eastdale Mall in Montgomery, Montgomery, County, Alabama.

### Facts

3. On or about October 22, 2002, Plaintiff Sabir and Defendant Eastdale mall Owners, entered into a Shopping Center lease, for Plaintiff to lease space number A2b of Eastdale Mall Shopping Center for a term of four (4) years and four (4) months.

4. Section 10.2 of said lease, designated as "Management and Operations of Common

Area" provides in part:

> "Landlord will operate and maintain, or will cause to be operated and maintained, the Common Area in a manner deemed by Landlord to be reasonable and appropriate and in the best interest of the Shopping Center..."

    5. Section 10.5, of said lease, designated as " Landlord's Operating Costs" Defined states in pertinent part as follows:

> " The term "Landlord's Operating Costs" shall mean and include all costs and expenses incurred by Landlord in operating, maintaining, repairing and replacing the Common Areas and operating, managing, insuring and paying taxes and assessments on the Shopping Center (less any contribution to such costs and expenses made by the owner or operator of any Anchor Store in or adjoining the Shopping Center), including but not limited to all costs and expenses incurred by Landlord for all of the following (whether performed or provided by Landlord through its own agents, servants or employees or on behalf of Landlord by any related or unrelated third parties): (a) operating, maintaining, repairing, replacing, insuring, managing, supervising, lighting, singing, cleaning, painting and striping of the Common Areas; (b) all uniform, equipment, fees, charges, bonuses, salaries, employment taxes and other compensation and benefits payable to any and all third-party agents, contractors and service providers and/or to any and all personnel employed on a part-time basis or full-time basis in connection with supervision, operation, maintenance, repair and policing of or providing any security for the Common Areas (provided, however, that Landlord shall not have any duty and shall not be required to provide or to arrange for any policing of or any security for the Shopping Center); (c) all insurance maintained by Landlord with respect to the Shopping Center, in Landlord's sole determination, including without limitation all liability insurance for personal and bodily injury, death and damage to or loss or destruction of any property and such other risks and liabilities as Landlord may elect to insure, all insurance against fire, extended coverage, theft and other casualties and loss of rents for the Shopping Center, workers' compensation insurance covering personnel, fidelity bonds for personnel, and all other insurance of any and every kind now or hereafter maintained by Landlord with respect to the Shopping Center in its sole discretion and determination;"

    6. Aronov Realty Management, Inc. managed the operations of Eastdale Mall Shopping Center.

7. Security was provided by Eastdale Mall Owners through Defendant Aronov. Plaintiff was charged its pro-rata share of the security cost pursuant to the terms and conditions of the Shopping Center Lease the Plaintiff entered into with Defendant Eastdale Mall Owners.

8. In addition to the security provided, Plaintiff Sabir d/b/a Gold Valley Jewelers had an in store security system provided by Defendant ADT Security Services, Inc. Periodically Defendant ADT Security inspected the in store security system.

9. During the late night hours of December 31, 2005 or early morning hours of January 1, 2006 the Plaintiff's jewelry business located in Eastdale Mall, Montgomery, Alabama was broken into and robbed of approximately $500,000.00 worth of jewelry items.

### Count I- Negligence-Wantonness-Fraud Defendant ADT Security Services, Inc.

10. Plaintiff adopts paragraphs 1-9 as if fully set out herein.

11. Plaintiff avers and alleges that Defendant ADT Security was negligent and wanton in providing in store electronic surveillance and security for the Plaintiff's business location in Eastdale Mall. Defendant ADT Security periodically inspected the security system it installed and maintained in Plaintiff's business location.

12. Plaintiff avers and alleges that the security system installed and maintained by Defendant ADT Security was inadequate to provide the security service it was represented to provide. Additionally, Plaintiff avers and alleges the electronic system provided by Defendant ADT Security was not properly maintained and did not provide the protection represented due to the following defects:

> A. Panic alarm was not connected properly.
> B. Two motion detectors in the showroom only covered 70% of the showroom and did not have end of line resistors with tampers.
> C. The two glass break detectors were not connected.

13. Plaintiff avers and alleges that Defendant ADT Security negligently, willfully, and wantonly, or through mistake misrepresented a material fact which Plaintiff relied on to his determent. Specifically, Defendant ADT Security represented the electronic security system it provided for Plaintiff's business location in Eastdale Mall was properly installed, had glass break detectors, and had an adequate coverage area, which were all misrepresentations.

19. As a proximate consequence of Defendant ADT Security's actions and representation, Plaintiff's electronic security system was not sufficient to warn of break ins and resulted in Plaintiff's jewelry store being robbed of approximately $500,000.00 worth of jewelry.

WHEREFORE PREMISES CONSIDERED, the Plaintiff prays that a jury based on the facts and circumstances of this incident will award him compensatory damages of five hundred thousand dollars ($500,000.00) and an amount for punitive damages which the jury determines based on the facts and circumstances of the incident, will, in the jury's determination, sufficiently punish the Defendants to keep this type of situation from recurring in the future, plus court costs.

Respectfully submitted this the 19th day of October, 2007.

/s/ Jim L. DeBardelaben
JIM L. DEBARDELABEN (DEB003)
Attorney for Plaintiff

**OF COUNSEL:**
Jim L. DeBardelaben
Attorney At Law
Post Office Box 152
Montgomery, Alabama 361010-0152
(334) 265-9206

| State of Alabama<br>Unified Judicial System<br>Form C-34    Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number |
|---|---|---|

IN THE _____Circuit_____ COURT OF _____Montgomery_____ COUNTY

Plaintiff __Wasif Monte Sabir d/b/a__ v. Defendant __ADT Security Services, Inc.__
          __Gold Valley Jewelers__

NOTICE TO __The Corporation Company Agent for Service for ADT Security Services, Inc.__
          __One Town Center Road, Boca Raton, FL 33486__

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF Y UR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY __Jim L. DeBardelaben__ WHOSE ADDRESS IS __1505 Madison Avenue__
__Montgomery, AL 36107__.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☑ Service by certified mail of this summons is initiated upon the written request of __Jim L. DeBardelaben__ pursuant to the Alabama Rules of Civil Procedure.

Date _____  _____ By: _____
                    Clerk/Register

☑ Certified Mail is hereby requested.    __Jim L. DeBardelaben__
                                         Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

_____s office on _____
                        (Date)
he Summons and Complaint to _____ County,

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

| Postage | $ .97 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 3.62 |

Postmark Here

Sent To __The Corporation Company Agent for ADT Security__
Street, Apt. No.; or PO Box No. __One Town Center Road__
City, State, ZIP+4 __Boca Raton, FL 33486__
PS Form 3800, June 2002   See Reverse for Instructions

7003 3110 0003 7318 2535

Server's Signature _____
Address of Server _____
Phone Number of Server _____

FILED IN CIRCUIT COURT OF MONTGOMERY COUNTY 2007 OCT 19 AM 4:49



**AlaFile E-Notice**

03-CV-2007-001654.00

Judge: WILLIAM A. SHASHY

To: ADT SECURITY SERVICES INC   (PRO SE)
ONE TOWN CENTER ROAD
BOCA RATON, FL 33486

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

WASIF MONTE SABIR D/B/A GOLD VALLEY JEWELERS VS. ADT SECURITY SERVICES
03-CV-2007-001654.00

The following matter was FILED on 10/28/2007 8:44:45 PM

Notice Date:    10/28/2007 8:44:45 PM

**MELISSA RITTENOUR
CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

ELECTRONICALLY FILED
10/28/2007 8:44 PM
CV-2007-001654.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | |
|---|---|
| SABIR WASIF MONTE D/B/A GOLD VALLEY JEV )     Plaintiff     )     ) | |
| v.     ) | **Case No.:** CV-2007-001654.00 |
| ) | |
| ADT SECURITY SERVICES INC     )     Defendant     ) | |

## ORDER

THIS MATTER IS HEREBY ORDERED SET FOR JURY TRIAL IN COURTROOM 3C OF THE MONTGOMERY COUNTY COURTHOUSE ON OCTOBER 27, 2008 AT 9AM.
DONE this 28th day of October, 2007

/s WILLIAM A. SHASHY

CIRCUIT JUDGE



**AlaFile E-Notice**

03-CV-2007-001654.00
Judge: WILLIAM A. SHASHY

To: DEBARDELABEN JIM L
dgoollaw@aol.com

---

# NOTICE OF SERVICE

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**WASIF MONTE SABIR D/B/A GOLD VALLEY JEWELERS VS. ADT SECURITY SERVICES**
**03-CV-2007-001654.00**

The following matter was served on 10/1/2007

**D001 ADT SECURITY SERVICES INC**
**CERTIFIED MAIL**

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>The Corporation Company<br>Agent for Service for<br>ADT Security Services, Inc.<br>One Town Center Road<br>Boca Raton, FL 33486 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered   ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7003 3110 0003 7318 2535 |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540