**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| WASIF MONTE SABIR D/B/A GOLD VALLEY JEWELERS, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 2:07cv1055-MEF-TFM |
| | ) |
| ADT SECURITY SERVICES, INC., A DELAWARE CORPORATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT ADT SECURITY SERVICES, INC.'S REPLY BRIEF IN SUPPORT ITS
MOTION FOR JUDGMENT ON THE PLEADINGS AND ALTERNATIVELY MOTION
TO DISMISS OR MOTION FOR A MORE DEFINITE STATEMENT**

Plaintiff does not deny signing the Agreement; indeed, his signature appears on the

Agreement's face.  Nor does he deny that the Agreement is the origin of the commercial

relationship at issue in this motion.  These admissions notwithstanding, the premise underlying

Plaintiff's argument is that the ADT-Gold Valley relationship arose by operation of common

law.  Plaintiff contends that tort law, not the Agreement, is the source of ADT's the duty to

install, maintain and monitor the alarm system at Gold Valley Jewelers.  Not surprisingly,

however, Plaintiff cannot cite a single case to support this premise, nor can he cite a single case

supporting that the Agreement is unenforceable.  Thus, Plaintiff's case must be dismissed with

prejudice because tort claims are not actionable in this contractual relationship, and because the

Agreement bars Plaintiff's claims.[1]

---

[1]    Insofar as Plaintiff intended to bring claims for willful and wanton negligence and/or fraud, these claims should be dismissed for the additional reason that Plaintiff chose not to respond to ADT's motion on these issues, conceding the propriety of their dismissal.

01579875.1

# I.    ARGUMENT

## A.    THE AGREEMENT IS ENFORCEABLE AGAINST PLAINTIFF.

Plaintiff's attempt to circumvent the Agreement depends upon its argument that the absence of a signature by an ADT agent renders the Agreement unenforceable, transforming a clear contractual relationship into an undefined relationship at common law. However, Plaintiff does not cite to any legal authority supporting this contention. In fact, Plaintiff cannot cite to any legal authority supporting this contention, as settled law in this State and others refutes Plaintiff's unsubstantiated argument. Indeed, the Agreement is enforceable for two independent reasons: (1) ADT manifested its acceptance of the Agreement by performance and (2) the Agreement was signed by party against whom enforcement is sought.

First, an appellate court in New Jersey confronted an ***identical*** issue to the one raised by the Plaintiff and held that ADT accepted the unsigned alarm contract by performance. *See generally, Synnex Corp. v. ADT Sec. Serv. Inc.*, 394 N.J. Super. 577, 928 A.2d 37 (App. Div. 2007). In *Synnex*, as here, plaintiff Synnex Corporation seized upon identical contractual language requiring an home-office signature to argue that the failure to satisfy this technicality rendered the subject contract "non-binding," hence unenforceable *Id.* at 585. The appellate court rejected this argument and enforced the exculpatory provision against Synnex. *Id.* The court, citing basic hornbook law of contracts, reasoned that ADT, as drafter of the contract, could waive the signature requirement by manifesting its acceptance through other means. *Id.* (internal citations omitted). In *Synnex*, as here, ADT manifested such an intent by installing the equipment and commencing performance under the contract. *Id.* at 586.

Notably, the *Synnex* court cited Alabama case law to support its decision. *Id.* at 586. (citing *Lanier Worldwide, Inc. v. Clouse*, 875 So. 2d 292, 296-97 (Ala. 2003)). Like *Synnex*, the *Lanier* court reiterated that a signature is but one of many ways to manifest acceptance, another

01579875.1

being the "[c]onduct of one party to a contract from which the other may reasonably draw an inference of assent to an agreement . . . ." *Id.* at 296 (internal citation omitted).

Here, there is no dispute that ADT accepted payment from Plaintiff and installed and/or monitored the alarm system (if not Plaintiff and ADT would have no relationship) in accordance with the terms of the Agreement. Plaintiff's argument is thus unsupported by controlling law and has been specifically rejected by an appellate court addressing the same issue. *Id.*

Moreover, *Lanier* provides a second basis for enforcing the Agreement: "when a contract is signed by a party or parties 'to be charged,' a contract can be enforced where the other party fails to sign the contract." *Id.* at 296. In this case, Plaintiff, not ADT, is the party to be charged with assenting to the exculpatory and limitation-of-liability provisions in the Agreement. There is no dispute that Plaintiff signed the Agreement. Thus, the Agreement is binding and enforceable against Plaintiff. *Id.*

## B.    THE SOURCE OF ANY DUTY TO PLAINTIFF IS THE AGREEMENT.

The Agreement is the source of the parties' relationship. Plaintiff offers no legal or factual authority to suggest otherwise. For this reason, and based on the argument and authority in ADT's opening brief, Plaintiffs' tort claims must be dismissed. *See Locke v. Ozark City Bd. of Educ.*, 910 So. 2d 1247, 1254 (Ala. 2005); *Barber v. Business Prods. Ctr.*, 677 So. 2d 223 (Ala. 1996); *C & C Products, Inc. v. Premier Industrial Corp.*, 275 So. 2d 124, 130 (Ala. 1972) ("A mere failure to perform a contractual obligation is not a tort, and it furnishes no foundation for an action on the case."); *see Spengler v. ADT Security Services, Inc.*, --- F.3d ----, 2007 WL 2873340 (6th Cir. Oct. 4, 2007); *Steiner Corp. v. American Dist. Tel.*, 106 Idaho 787, 789-90 (1984); *Aspell v. American Contract Bridge League*, 122 Ariz. 399, 595 P.2d 191 (App.1979); *Chavez v. Saums*, 571 P.2d 62 (Kan 1977); *Boise Cascade Corp. v. First Sec. Bank of Anaconda*, 600 P.2d 173 (Mont. 1979).

01579875.1

## II.    <u>CONCLUSION</u>

Plaintiff's claims, sounding entirely in tort, should be dismissed because (1) tort claims are not available where, as here, the source of any duty to Plaintiff is the Agreement, not the common law, and (2) they are barred by the express terms of the Agreement.  Finally, insofar as Plaintiff intended to bring claims for willful and wanton negligence and/or fraud, these claims should be dismissed because of the reasons cited in Defendant's brief in support of its motion for judgment on the pleadings and because the Plaintiff elected not to respond to ADT's motion on these issues, conceding their dismissal.

/s Robert H. Fowlkes
John A. Earnhardt
Robert H. Fowlkes
Attorney for ADT Security Services, Inc.

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Jim L. Debardelaben, Esq.
Attorney at Law
P.O. Box 152
Montgomery, Alabama 361010-0152
ATTORNEY FOR PLAINTIFF

On this the 20th day of December 2007

s/ Robert H. Fowlkes
Of Counsel

01579875.1

5