IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WASIF MONTE SABIR,         )
                           )
     PLAINTIFF,        )
                           )
v.                         )   CASE NO. 2:07cv1055-MEF
                           )
ADT SECURITY SERVICES, INC.,  )   (WO- Do Not Publish)
                           )
     DEFENDANT.    )

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant ADT Security Services, Inc.'s Motion for Judgment on the Pleadings & Alternatively Motion to Dismiss or Motion for More Definite Statement (Doc. # 4). For the reasons set forth below, it is hereby ORDERED that the motion for judgment on the pleadings is GRANTED. The alternative motions to dismiss or for more definite statement are DENIED as MOOT.

### JURISDICTION AND VENUE

Jurisdiction in this action is predicated on 28 U.S.C. § 1332. Plaintiff Wasif Monte Sabir ("Sabir") is a citizen of Alabama. Defendant ADT Security Services, Inc. ("ADT") is a citizen of Delaware and Florida. Based on these allegations, the Court finds that the plaintiff and the defendant are citizens, for purposes of 28 U.S.C. § 1332 citizens of different states. Because it is also alleged that more than $75,000 is at controversy in this case,[1] the

---

[1] In the Complaint, Sabir seeks compensatory damages of five hundred thousand dollars and unspecified punitive damages.

Court is satisfied that this additional requirement for diversity jurisdiction pursuant to 28

U.S.C. § 1332 is met.  No party has made personal jurisdiction an issue in this matter.  The

Court is satisfied that venue is appropriate pursuant to 28 U.S.C. § 1391(a)(2).

## FACTUAL BACKGROUND

Sabir operates a jewelry business in a retail space he rents in a mall in Montgomery,

Alabama.  ADT, a corporation that provides security related services, installed, maintained,

and operated the security system in Sabir's business.  ADT did so pursuant to a contractual

agreement with Sabir which Sabir signed on October 28, 1999.  The contract provides that

> [i]n accepting this proposal, customer agrees to the terms and conditions
> contained herein including those on the reverse side.  It is also understood that
> they shall prevail over any variation in terms and conditions on any purchase
> order or other document that the customer may issue.  Any changes in the
> system requested by the customer after the execution of this agreement shall
> be paid for by the customer and such changes shall be authorized in writing.
>
> **ATTENTION IS DIRECTED TO THE WARRANT, LIMIT OF
> LIABILITY AND OTHER CONDITIONS ON REVERSE SIDE.**

Doc. # 2 at Ex. A (emphasis in original).  The reverse side of the contract also includes the

following language in bold and capital print:

> **[I]T IS UNDERSTOOD THAT ADT IS NOT AN INSURER. THAT
> INSURANCE, IF ANY SHALL BE OBTAINED BY THE CUSTOMER
> AND THAT THE AMOUNTS PAYABLE TO ADT HEREUNDER ARE
> BASED UPON THE VALUE OF THE SERVICES AND THE SCOPE
> OF LIABILITY AS HEREIN SET FORTH AND ARE UNRELATED TO
> THE VALUE OF THE CUSTOMER'S PROPERTY OR PROPERTY OF
> OTHERS LOCATED IN THE CUSTOMER'S PREMISES.
> CUSTOMER AGREES TO LOOK EXCLUSIVELY TO CUSTOMER'S
> INSURER TO RECOVER FOR INJURIES OR DAMAGE IN THE
> EVENT OF ANY LOSS OR INJURY AND RELEASES AND WAIVES**

2

**ALL RIGHT OF RECOVERY AGAINST ADT ARISING BY WAY OF SUBROGATION.**

*Id.* The contract contains further language limiting ADT's liability:

> **IT IS IMPRACTICAL AND EXTREMELY DIFFICULT TO FIX THE ACTUAL DAMAGES, IF ANY, WHICH MAY PROXIMATELY RESULT FROM FAILURE ON THE PART OF ADT TO PERFORM ANY OF ITS OBLIGATIONS HEREUNDER. THE CUSTOMER DOES NOT DESIRE THIS CONTRACT TO PROVIDE FOR FULL LIABILITY OF ADT AND AGREES THAT ADT SHALL BE EXEMPT FROM LIABILITY FOR LOSS, DAMAGE OR INJURY DUE DIRECTLY OR INDIRECTLY TO OCCURRENCES , OR CONSEQUENCES THEREFROM, WHICH THE SERVICE OR SYSTEM IS DESIGNED TO DETECT OR AVERT; THAT IF ADT SHOULD BE FOUND LIABLE FOR LOSS, DAMAGE OR INJURY DUE TO A FAILURE OF SERVICE OR EQUIPMENT IN ANY RESPECT, ITS LIABILITY SHALL BE LIMITED TO A SUM EQUAL TO 10% OF THE ANNUAL SERVICE CHARGE OR $1,000, WHICHEVER IS GREATER, AS THE AGREED UPON DAMAGES AND NOT AS A PENALTY, AS THE EXCLUSIVE REMEDY; AND THAT THE PROVISIONS OF THIS PARAGRAPH SHALL APPLY IF THE LOSS, DAMAGE OR INJURY, IRRESPECTIVE OR CAUSE OR ORIGIN, RESULTS DIRECTLY OR INDIRECTLY TO PERSON OR PROPERTY FROM PERFORMANCE OR NONPERFORMANCE OF OBLIGATIONS IMPOSED BY THIS CONTRACT OR FROM NEGLIGENCE, ACTIVE OR OTHERWISE, STRICT LIABILITY, VIOLATION OF ANY APPLICABLE CONSUMER PROTECTION LAW OR ANY OTHER ALLEGED FAULT ON THE PART OF ADT, ITS AGENTS OR EMPLOYEES.**

*Id.* (emphasis in original). The contract also provides the opportunity for the customer to elect to impose greater liability on ADT if the customer pays an additional amount. *Id.* Sabir did not elect to do this. The contract is signed by Sabir, but it is not signed by a representative from ADT. The contract states that it is not binding unless approved in writing by an authorized representative of ADT, but it specifies that "in the event of failure

3

of such approval, the only liability of ADT shall be return to the cursomer the amount, if any, paid to ADT upon signing of this Agreement."  Doc. 2 at Ex. A.

During the late night hours of December 31, 2005 or the early morning hours of January 1, 2006, someone broke into Sabir's jewelry business and stole approximately $500,000 worth of jewelry items.  On October 19, 2007, Sabir filed a lawsuit against ADT in the Circuit Court for Montgomery County, Alabama.  In a single count, Sabir seeks damages from ADT alleging that it was negligent and wanton in providing in store electronic surveillance and security for Sabir's business.  Specifically, Sabir alleges that ADT, which periodically inspected the security system it had installed, had provided a security system that was inadequate to provide the security service it was represented to provide and that the system was not properly maintained or installed.  For these reasons, Sabir seeks damages for negligence, wantonness, and fraud from ADT.

Once served with the Complaint, ADT removed the action to this Court, invoking its subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  Along with its Notice of Removal, ADT filed its Answer (Doc. # 2).  In its Answer, ADT admits that it had a contract for security services with Sabir and that the contract provided for the monitoring of alarm equipment at Sabir's place of business.  ADT attached a copy of the contract to its Answer as Exhibit A and asserted a number of affirmative defenses relating to the language in the contract.

## STANDARD

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, ADT's motion for judgment on the pleadings requests dismissal of plaintiff's complaint.  In deciding a Rule 12(c) motion for judgment on the pleadings, a Court may consider only the pleadings, in this case the Complaint and Answer.  *See* Fed. R. Civ. P. 12(c).  As Sabir apparently concedes, documents attached to the pleadings become part of the pleadings and may be considered on a motion for judgment on the pleadings.  *See* Fed. R. Civ. P. 10(c).  A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss under Rule 12(b)(6).  The main difference between the motions is that a motion for judgment on the pleadings is made after an answer and that answer may also be considered in deciding the motion.  "[T]he fact allegations of the complaint are to be taken as true, but those of the answer are taken as true only where and to the extent that they have not been denied or do not conflict with those of the complaint."  *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956)[2]; *Bass v. Hoagland*, 172 F.2d 205, 207 (5th Cir.), *cert. denied*, 338 U.S. 816 (1949). In order to prevail, a motion for judgment on the pleadings "must be based on the undisputed facts appearing in all the pleadings."  *Stanton*, 239 F.2d at 106.  Furthermore, the court is obliged to scrutinize the complaint, construed in plaintiff's favor, and to allow it to stand if it alleges "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp.*

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

*v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  Thus, judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.  *Mergens v. Dreyfoos,* 166 F.3d 1114, 1116-17 (11th Cir. 1999).

### DISCUSSION

ADT argues that even if the factual allegations of Sabir's Complaint are true, it is not liable to Sabir for the torts on which Sabir seeks relief.  ADT contends that the duties it owes to Sabir are solely dependent on ADT's contractual relationship with Sabir and that there are no non-contractual bases for a duty to Sabir.  Furthermore, ADT contends that Sabir's claims are barred by the unambiguous limitations of liability provides in the contract.  On the other hand, Sabir contends that the contract on which ADT relies, by its own terms, is not binding because it was not approved in writing by a representative of ADT.  Because there is no valid written contract between the parties, Sabir contends that he is able to bring his tort claims against ADT.  Thus to resolve the motion for judgment on the pleadings, the Court must determine if there is an enforceable contract between the parties and if so, if that contract precludes Sabir from bringing tort claims against ADT.

As previously noted, this Court may entertain this case because it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  That being the case, the Court must apply state substantive law and federal procedural law.  The parties assume without explaining why that Alabama law applies in this case.  Having considered the nature of the issues and conducted

6

the appropriate choice of law analysis, the Court agrees that Alabama law applies.

Despite ADT's apparent failure to approve the contract in writing, Alabama law provides that an enforceable contract exists because ADT has manifested it acceptance through its performance under the contract.

> "This Court has held that the object of a signature on a contract is to show mutuality and assent, and that mutuality and assent can be manifested in ways other than a signature. *See Lawler Mobile Homes, Inc. v. Tarver*, 492 So. 2d 297 (Ala.1986); *Ex parte Pointer*, 714 So. 2d 971 (Ala.1997). Unless required by a statute to be in writing, a contract does not have to be signed to be enforceable, so long as it is accepted and acted upon. *Tarver*, 492 So. 2d at 304.

*Lanier Worldwide, Inc. v. Clouse*, 875 So. 2d 292, 296 (Ala.,2003). Language in the contract requiring written approval by a party who later performs does not change the application of this rule of law. *See, e.g., Synnex Corp. v. ADT Sec. Servs., Inc.*, 928 A.2d 37 (App. Div. 2007) (citing *Lanier* and other cases and interpreting identical contractual language but holding that ADT's performance under the contract made the contract enforceable by ADT despite the absence of written approval by ADT). Sabir clearly alleges that ADT installed, maintained and operated the alarm system described in the contract. While he faults the quality of ADT's performance, these allegations of performance are sufficient under Alabama to require the legal conclusion that ADT has manifested its intention to be bound by the terms of this contract despite the failure to have the contract authorized in writing by a representative. Additionally, the *Lanier* decision also requires this Court to conclude that the contract is enforceable against Sabir, because he signed the contract and he is the party

against whom the contract is being enforced.  875 So. 2d at 296.

Sabir's sole argument in opposition to the motion for judgment on the pleadings is dependent on his erroneous conclusion that there is no written contract or agreement between him and ADT.   As set forth above, his position is not supported by Alabama law.[3]   In contrast, ADT has advanced several arguments in support of its motion for judgment on the pleadings.  The Court agrees that Alabama law supports ADT's contention that it is entitled to judgment on the pleadings.

ADT argues that Sabir's tort claims are barred because Sabir has failed to allege them independent of a breach of contract.  Put another way, ADT contends that Sabir's claims are breach of contract claims recast as tort claims in contravention of law and that the only obligations it owes to Sabir and his business arise out of the contract between the parties. *See, e.g., Barber v. Business Prods. Ctr.*, 677 So. 2d 223, 228 (Ala. 1996) ("a mere failure to perform a contractual obligation is not a tort"); *American Dist. Tel. Co. of Ala. v. Roberts & Son*, 122 So. 837, 840 (Ala. 1929) (holding that an action in tort cannot be maintained where the alleged negligence consists of failure to perform a contractual obligation).  Having reviewed these cases, the Court is satisfied that ADT is correct that Sabir cannot bring tort claims in this action which essential faults ADT's performance under its contract with Sabir.

_____

[3]  A fact which might explain his failure to cite a single case or statute in his brief in opposition to the motion.

In the alternative, the Court is persuaded by ADT's alternative argument in support of its motion.  ADT argues that the claims Sabir has set forth in the Complaint are barred by the limitations of liability provisions in the contract between them.  Such contractual limitations are valid and enforceable.  *See, e.g., Fox Alarm Co. v. Wadsworth*, 913 So. 2d 1070 (Ala. 2005); *Saia Food Distrib. & Club, Inc. v. Sec. Link from Ameritech, Inc.*, 902 So. 2d 46 (Ala. 2004); *Roberts & Sons, Inc.*, 122 So. at 839.  Sabir's claims against ADT as set forth in the Complaint, are exactly the types of claims that the plain and unambiguous contractual limitation of liability prohibit.  Sabir has offered no valid reason for this Court to refrain from enforcing these limitations, to which he bound himself when he entered into the contract.  Accordingly, the contractual agreement itself presents an alternative ground on which to grant ADT's motion for judgment on the pleadings.

## CONCLUSION

For the reasons set forth above, is hereby ORDERED as follows:

1.  Defendant ADT Security Services, Inc.'s Motion for Judgment on the Pleadings & Alternatively Motion to Dismiss or Motion for More Definite Statement (Doc. # 4) is GRANTED to the extent that it seeks judgment on the pleadings and DENIED as MOOT to the extent that it seeks dismissal or a more definite statement.

2.  Judgment is entered in favor of Defendant ADT Security Services, Inc. and against Plaintiff Wasif Monte Sabir d/b/a Gold Valley Jewelers.

3.  All claims in the Complaint are DISMISSED with PREJUDICE.

4.  A separate final judgment will be entered consistent with this Memorandum

Opinion and Order.

DONE this the 30th day of April, 2008.

                           /s/ Mark E. Fuller
                    _____
                    CHIEF UNITED STATES DISTRICT JUDGE