IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WASIF MONTE SABIR d/b/a | ) |
| GOLD VALLEY JEWELERS | ) |
| | ) |
| Plaintiffs, | ) CASE NO.: 2:07cv1055-MEF |
| | ) |
| v. | ) |
| | ) |
| ADT SECURITY SERVICES, INC., | ) |
| A Delaware Corporation. | ) |
| Defendants. | ) |

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER, AMEND, SET ASIDE, AND/OR WITHDRAW

Comes now the Plaintiff, Wasif Monte Sabir s/b/a Gold Valley Jewelers, by and through his attorney fo record, and submits the following brief in support of his Motion to alter, amend, set aside, and/or withdraw this Court's Memorandum Opinion and Order dated April 30, 2008.

On Page 7 of the Memorandum Opinion the Court stated:

> " Despite ADT's apparent failure to approve the contract in writing, Alabama law provides that an enforceable contract exists because ADT has manifested it acceptance through its performance under the contract.
> This Court has held that the objection of a signature on a contract is to show mutuality and assent can be manifested in ways other than a signature. See *Lawler Mobile Homes, Inc. v. Tarver*, 492 So.2d 297 (Ala. 1986); *Ex parte Pointer,* 714 So.2d 971 (Ala. 1997). Unless required by a statute to be in writing, a contract does not have to be signed to be enforceable, so long as it is accepted and acted upon. *Tarver,* 492 So.2d at 304."

In Hunter v Wilshire Credit Corp., 927 So.2d 810 (Ala.2005) the Alabama Supreme Court discussed an unsigned counter offer which limited the remedy. The counter offer was acted upon

but never signed by the party originating the document. The Supreme Court stated:

> "Wilshire originated, but did not sign, the counteroffer. The counteroffer specified the manner in which it was to be accepted, stating that it "shall not become a binding Contract until signed by [Wilshire]." See *Paterson & Edey Lumber Co. v. Carolina-Portland*, 215 Ala. 621, 626, 112 So. 245, 249 (1927); *Harwood Package Co. v. Courtney*, 253 F. 929, 931 (4th Cir. 1918) ("an unsigned contract cannot be enforced by either of the parties, however completely it may express their mutual agreement, if it was also agreed that the contract should not be binding until signed by both of them"). See also, 1 Arthur L. Corbin, *Corbin on Contracts* § 3.34 at 487 (Joseph M. Perillo ed., 1993) ("When one party solicits and receives an... expression of agreement from another, clearly specifying that there is to be no contract until... assent by some officer or representative of the solicitor, the solicitation is not itself an offer. It is a request for an offer.")."

The Hunter Court cited *Paterson & Edey Lumber Co. v. Carolina-Portland*, 215 Ala. 621, 626, 112 So. 245, 249 (1927) as authority the Court in Paterson & Edey Lumber Co., supra stated:

> "Appellant relies upon the well-recognized rule that the object of signature is to show mutuality and assent, which may be shown in other ways, and that unless a contract is required by statute or arbitrary rule to be in writing, it need not be signed, provided it is accepted and acted upon. 13 C. J. 305; Whatley v. Reese, 128 Ala. 500, 20 So. 606; Forthman v. Deters, 206 Ill. 159, 69 N.E. 97, 99 Am. St. Rep. 145; Hard wood Package Co. v. Courtney (C.C.A.) 253 F. 929; 1 Williston on Contracts, p. 157.
>
> But it is equally well settled that an unsigned contract cannot be enforced by either parties, however completely it may express their mutual agreement, if it was also agreed that the contract should not be binding until signed by both of them. Hard Wood Package Co. v. Courtney, supra.
>
> This latter authority contains also the following excerpt from the opinion in the case of Miss, SS. Co. v. Swift, 86 Me. 248, 29 A. 1063, 41 Am. St. Rep. 545, of interest in this connection:
>
> When parties enter into a general contract, and the understanding is that it is to be reduced to writing, or if it is already in a written form, that it is to be signed before it is to be acted on, or to take effect, it is not binding until it is so written or signed. * * * When

correspondence indicates that a formal draft of a contract was in the minds of the parties, or at least in the mind of the party sought to be charged, as the only authoritative evidence of a contract, and that he did not have, nor signify, any intention to be bound until the written draft had been made and signed. * * * The burden of proof is upon the party claiming the completion of the contract before the written draft thereof is signed."

Apparently ADT is as negligent in signing contracts as they are in properly installing and inspecting alarm systems. The Plaintiff's system had flaws that ADT's inspection did not reveal and ADT apparently did not inspect the contract for a signature. Under Alabama, since the proposed contract required signature before it was accepted, there is no contract.

Based on the foregoing it is respectfully requested that the Final Judgment and Memorandum Opinion and Order issued by this Honorable Court on April 30, 2008, be altered, amended, reconsidered, set aside, and/or withdrawn as it is based on an erroneous reading of Alabama Law.

Respectfully submitted this the 14th day of May, 2008.

/s/ Jim L. DeBardelaben
JIM L. DEBARDELABEN
ASB# 4800-A40J
Attorney for Plaintiff
Post Office Box 152
Montgomery, Alabama 36101-0152
(334) 265-9206 telephone
(334) 265-9299 Facsimile

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing document via U. S. Mail, postage prepaid, upon the following on this the _14th_ day of May, 2008:

Robert H. Fowlkes, Esq.
John A. Earnhardt, Esq.
Maynard, Cooper & Gale, P.C.
2400 Amsouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2602

Charles C. Edlen
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, MO 64108-2613

_____
OF COUNSEL