IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WASIF MONTE SABIR D/B/A GOLD VALLEY JEWELERS, <br><br> Plaintiff, <br><br> vs. <br><br> ADT SECURITY SERVICES, INC., A DELAWARE CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 2:07-cv-1055-MEF <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT ADT SECURITY SERVICES, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO ALTER, AMEND, SET ASIDE AND/OR
WITHDRAW**

The Court's Memorandum Opinion and Order ("Order") dismissing this case is well-reasoned and supported by Alabama law. The instant motion by Plaintiff is simply a procedurally-inappropriate motion for reconsideration seeking to relitigate issues thoroughly and correctly addressed by the Order. Moreover, even if Plaintiff could satisfy the procedural requisites for filing a reconsideration motion, the arguments it advances are substantively frivolous.[1] Plaintiff has merely block-quoted recitations of law that do not address whether the subject Agreement is enforceable. Most condemningly, Plaintiff again fails to explain how *Lanier Worldwide, Inc. v. Clouse*, 875 So.2d 292, 296-97 (Ala. 2003) and *Synnex Corp. v. ADT Sec. Serv. Inc.,* 394 N.J. Super. 577, 928 A.2d 37 (App. Div. 2007), two cases addressing the *exact* issue before the Court, are inapplicable to the present matter. Rather, these cases mandate the conclusion the Court reached.

---

[1] Inasmuch as the unsubstantiated filing of such a motion needlessly burdens the Court and the litigants, it fails to satisfy Fed. R. Civ. P. 11(b).

2969827v1

A.     **STANDARD FOR RECONSIDERATION.**

In *Mitchell v. Crowell*, the Northern District of Alabama set forth the narrow grounds on which the reconsideration of a summary judgment order is appropriate:

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla.1993) (citations omitted). "The court will not reconsider a previous ruling when the party's motion fails to raise new issues and instead, only relitigates what has already been found lacking." *Int'l Ship Repair v. St. Paul Fire & Marine*, 922 F. Supp. 577, 579 (M.D. Fla.1996) (citation omitted). "Courts have recognized three (3) grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Id.*, (citing *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981)).

975 F. Supp. 1440, 1442 (N.D. Ala. 1997).

B.     **PLAINTIFF'S MOTION IS PROCEDURALLY FRIVOLOUS.**

Plaintiff has failed to identify one of the narrow grounds under which this Court should entertain a reconsideration motion. Rather, Plaintiff's motion does the very thing federal district courts will not tolerate: "relitigat[e] what has already been found lacking" the first time around. *Int'l Ship Repair*, 922 F. Supp. at 579. Plaintiff does not identify an intervening change in law or any new evidence affecting the issues correctly decided the first go-round. Nor can Plaintiff credibly suggest that enforcing a contract it signed—and one the law obligated the Court to enforce—was a "clear error" or "manifest injustice." Thus, Plaintiff's motion is procedurally frivolous and should not be considered.

C.     **PLAINTIFF'S MOTION IS SUBSTANTIVELY FRIVOLOUS.**

Substantively, Plaintiff fails to explain how its block citations to Alabama law require the reconsideration of the Court's Order. Indeed, the case it cites as the basis for its

2

motion reiterates that under Alabama law the mutual assent necessary to form a contract is flexible and need not be in the form of a signature. *Hunter v. Wilshire Credit Corp.*, 927 So.2d 810, (Ala. 2005) ("Assent must be manifested by *something*. Ordinarily, it is manifested by a *signature*.")(emphasis original)(internal citation omitted).

Worse, Plaintiff ignores controlling law from the Supreme Court of Alabama addressing an identical issue to the one before the Court. As this Court recognized, *Lanier* involved a contract that was not signed by the party seeking to enforce its terms. *Lanier*, 875 So.2d at 296-97. Plaintiff sought to avoid an arbitration provision in the contract by arguing that because Lanier failed to sign the contract, and because the contract required Lanier's signature as a precondition to acceptance, the contract was unenforceable. *Id*. The *Lanier* court rejected this argument and enforced the contract because (1) Lanier's performance of the contract manifested its acceptance of the written terms, and (2) the contract was signed by "the party to be charged." *Id*.

For these same reasons, this Court correctly concluded the alarm contract was enforceable. Here, no reasonable jurist could credibly distinguish this case from *Lanier* or *Synnex*. This perhaps explains Plaintiff's failure to even acknowledge the mandate of *Lanier*. Plaintiff's persistence in the face of such clear law foreclosing its claims—and its refusal to even address such authority—renders its reconsideration motion frivolous within the meaning of Fed. R. Civ. P. 11(b).

## **CONCLUSION**

Plaintiff's motion for reconsideration is procedurally and substantively frivolous within the meaning of Fed. R. Civ. P. 11(b) and should be denied.

3

WHEREFORE, ADT Security Services, Inc., respectfully requests that this Court enter an Order denying Plaintiff's motion and awarding any and all appropriate relief this Court finds just and proper.

2969827v1

/Charles C. Eblen
John A. Earnhardt
Robert A. Fowlkes
Attorneys for ADT Security Services, Inc.

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

OF COUNSEL:
Charles C. Eblen
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108-2613

5

2969827v1

**CERTIFICATE OF SERVICE**

   I hereby certify that on May 23, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

  Jim L. Debardelaben, Esq.
  Attorney at Law
  P.O. Box 152
  Montgomery, Alabama 361010-0152
  ATTORNEY FOR PLAINTIFF


             /s Charles C. Eblen
             Of Counsel

2969827v1